SHARROW v. McMICHAEL.

1. Deeds—Fraud—Evidence.

In suit by a son and stepdaughter of grantor against their brother and sister, both children of grantor and with whom she lived at time of her death, to set aside deeds to defendants, executed by grantor about two years after making her will, in residuary clause of which plaintiffs and defendants shared equally, and several years before her death, finding of trial judge that deeds were not secured through fraud or substitution of grantees' own desires for those of grantor *held*, sustained, where evidence shows grantor knew what she wanted to do and did it and scrivener indicated she was uninfluenced by anyone and unaided except by himself.

2. Fraud—Burden of Proof.

Fraud cannot be lightly inferred and burden of proof is upon those claiming it existed in the execution of an instrument.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 7, 1937. (Docket No. 16, Calendar No. 39,099.) Decided May 21, 1937.

Bill by Arthur E. Sharrow and Minnie S. Shanks against Ruth K. McMichael and Walter H. Sharrow to set aside deeds to real estate. Bill dismissed. Plaintiffs appeal. Affirmed.

*Charles Bowles* (*Herbert S. Rosten,* of counsel), for plaintiffs.

*Read, Montgomery, O'Hara, Geller & Amberson,* for defendants.

Bushnell, J. Arthur E. Sharrow is a son, and Minnie S. Shanks is a stepdaughter of Annie Sharrow, deceased. Ruth K. McMichael and Walter H. Sharrow are a sister and brother of Arthur and Minnie. Mrs. Annie Sharrow owned 76 acres of land in Livonia township, Wayne county, where she lived with Ruth and Walter and their families. She became a widow in 1929 and two years later, on December 29, 1931, she conveyed by warranty deeds a portion of her farm to her daughter Ruth, and another portion to her son Walter; these deeds were recorded December 31, 1931. After her death some years later, her will, which she executed in 1929, was admitted to probate. In it she provided for the payment of certain notes made by her husband and herself payable to Ruth and Walter, and devised and bequeathed the residue of her estate in equal shares to Ruth, Walter, Arthur and Minnie. Plaintiffs

sought cancellation of the conveyances, claiming that they were obtained by fraud on the part of Ruth and Walter.

The trial judge said in his opinion:

"This is but another of the many distressing family disputes that the court is called upon to view with increasing frequency, and while there may be some circumstances which might arouse the suspicions of a chancellor, I cannot say upon this record that the defendants perpetrated any fraud upon their mother to obtain the deeds in question, nor did they exercise any duress or overcome her will and substituted their desires for hers in the premises. The record discloses some hard feelings between Arthur and his brother and sister at stated intervals and which feelings the mother was aware of. Testimony was also introduced with respect to the mother's feelings towards the plaintiff Arthur, for his failure to pay more attention to her, and that his respect and affection for his parents materially increased after they had sold the farm to a syndicate and obtained a considerable down payment with a goodly balance reserved in a land contract.

"In going over the record in this case and the reasonable inference to be drawn from it, I do not feel that the plaintiffs have sustained the burden of proof required of them to establish the allegations they have made in their bill of complaint against the defendants."

An examination of the testimony requires concurrence in the conclusions reached by the trial judge. The record is barren of any proof of fraud; on the contrary, it shows that Mrs. Sharrow knew what she wanted to do and did it. The testimony of the scrivener clearly indicates that she was unin-

fluenced by anyone and was unaided except by himself, and that he was a wholly disinterested party.

"Fraud cannot be lightly inferred and the burden of proof was upon plaintiffs. The circuit court was not convinced that plaintiffs established the fraud charged and our examination of the evidence leads us to the same conclusion." *Kirby* v. *Gibson Refrigerator Co.,* 274 Mich. 395, 401 (103 A. L. R. 1343).

The decree is affirmed, with costs to appellees.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.